Fletcher *v.* Clarke.

---

RICHARD F. FLETCHER & al. *versus* JAMES D. CLARKE
*and trustee.*

The adjudication of the Judge of the District Court *as to the facts* in a trustee process is conclusive.

Exceptions can be sustained, only when it appears from the *exceptions themselves* that he misapprehended or misapplied the law upon the facts as he had adjudged them to be. Unless they show such misapprehension or misapplication by him of the law, they must be overruled, although this Court might come to a result different from his upon the facts as presented by the disclosure and the depositions used in connection therewith.

If a supposed trustee holds goods, effects or credits of the principal defendant, under a conveyance from him which is fraudulent as to creditors, he will be charged, *if the fraud was actual,* whether the plaintiff became a creditor *before* or *after* such conveyance. But if the fraud was merely a *legal* one, he will be discharged unless the plaintiff was a creditor at the time of such conveyance.

EXCEPTIONS from the District Court, RICE, J., when the supposed trustee was charged.

The adjudication in the District Court was made upon the

disclosure of the supposed trustee, and depositions taken and filed in the case, and these with the writ formed the case as presented to this Court.

*Lowell,* for trustee, contended that the disclosure, with the depositions, did not exhibit a case, in which the trustee could be charged. The argument is omitted, because the decision did not turn upon that question.

*Kennedy* and *M. H. Smith,* for plaintiff.

R. S. chap. 119, sec. 69, provides that a person may be adjudged trustee on account of goods, &c. which he holds under a fraudulent conveyance. Same chap. sec. 34, provides that any question of fact may by consent, be tried and determined by the Court, or submitted to a jury.

In *Page* v. *Smith,* 25 Maine, 256, one of the marginal notes is, " In a case coming under that section of ' the statute,' (that is the 69th section,) the ascertainments of the matters of fact, come within the province of the District Judge, and exceptions do not lie to his decision of such matters of fact."

In the case at bar the parties did not choose to have the question whether the supposed trustee was chargeable, or not, submitted to a jury, but left it to the District Judge and his decision is final under the circumstances of this case.

No point of law is presented to the Court by the exceptions. The bill of exceptions merely states, that the trustee having disclosed, and being charged by the District Judge upon his disclosure, and the depositions taken and filed in the case, files this bill of exceptions, &c.

The bill of exceptions afterwards states that the writ, disclosure and depositions constitute the entire case, and are to be referred to without copying. This does not make them a part of the exceptions, and they cannot properly be taken into consideration by the Court; so decided in *Wyman* v. *Wood,* 25 Maine, 436.

TENNEY, J. — This case is before us upon exceptions to the judgment of the Judge of the District Court, charging the person summoned as trustee. Previous to the enactment of

the Revised Statutes, the adjudication in such cases was ordinarily upon the disclosure alone.  If it appeared by the statements therein, that the supposed trustee had no goods, effects or credits of the principal defendant in his hands, he was discharged.  But the existing statute upon the subject of foreign attachment has new provisions.  By chap. 119, § 33, amended by act of 1842, chap. 31, "The answer and statements, sworn to by any person summoned as trustee, shall be considered as true, in deciding how far he is chargeable, until the contrary is proved ; but the plaintiff and trustee may allege and prove other facts not stated or denied by the supposed trustee, which may be material in deciding the question."  By the 34th section, "any question of fact arising upon such additional allegations, may, by consent, be tried and determined by the Court, or may be submitted to a jury, in such a manner as the Court shall direct."  And by the 69th section of the same chapter, it is provided, "If any person summoned as trustee, shall have in his possession any goods, effects or credits of the principal defendant, which he holds under a conveyance, that is fraudulent and void, as to the creditors of the defendant, he may be adjudged as trustee, on account of such goods, effects or credits, although the principal defendant could not have maintained an action therefor against him."

It could not have been the intention of the Legislature, in the last section quoted, to provide only, for a case, where the supposed trustee should disclose *in totidem verbis*, that he held goods, effects or credits of the principal defendant, in fraud of the rights of creditors; from experience we might infer, that by such a construction the provision would be in fact in most instances nugatory.  If the meaning of the provision was designed to be thus limited, the thirty-fourth section of the chapter could have no application to a question arising under the sixty-ninth section ; but its object is not restricted.

If the creditor supposes, that he may obtain payment of his debt by a resort to a suit, under the sixty-ninth section, it is competent for him, also, if the supposed trustee makes dis-

closure, to apply the means referred to, in the thirty-third section. After he has alleged and proved other facts by virtue of that provision, in addition to those furnished by the disclosure, the whole is to be submitted to the Court or a jury for examination. All the statements in the disclosure may be compared one with another; and the other evidence adduced is to be viewed in connection therewith, and from the whole the question is to be settled, whether the supposed trustee holds fraudulently against the creditors of the principal defendant, any goods, effects or credits. The result thus found may be very different from that to which the one attempted to be holden as trustee has come in his disclosure, or even from that to which the Court or a jury would arrive from the disclosure alone. But when all the facts, in connection with circumstances are considered, it may be a case of palpable fraud, although the transaction between the principal defendant and the one summoned as trustee may be one which the law will uphold as between themselves, It was manifestly the intention of the authors of the statute, that the question of fraud should be settled by a full examination of the evidence in the same manner, that it would be, if presented to them as a court of equity; or if presented to a jury, it would be determined as an issue of fact is ordinarily settled between one, who represents an attaching creditor, and the purchaser of property, where the latter is alleged to have made the purchase in fraud of the rights of the former. *Page* v. *Smith.* 25 Maine, 256.

Where such fraud as is referred to in this provision is found either by the Court or the jury, nothing remains but the application of the law to the fact so found. If the fraud is one of law merely, and the plaintiff in the suit became a creditor after the transfer by the principal defendant, the supposed trustee may with propriety be discharged. But if the fraud was actual, prior and subsequent creditors may avail themselves of the statute. If the whole evidence was submitted to the judge he would pass upon the disclosure and such other evidence as should be adduced; he would ascertain the facts to his satisfaction, and from his conclusion thereupon, and the

supposed law of the case his judgment would be formed and pronounced.

It is only when a party is aggrieved by any opinion, direction or judgment of the District Court in matter of law, in a case not otherwise appealable, that he can allege exceptions. R. S. chap. 97, sect. 18. The facts cannot be revised on exceptions.

The judgment of the District Court is to be considered as correct, till the excepting party shows it to be otherwise, under the exceptions themselves. It does not devolve upon the other party to sustain the opinion, direction or judgment of the Court, until legal error is shown. And if the exceptions do not afford satisfaction, that the District Court misunderstood and misapplied the law, they must be overruled. It cannot be assumed, that the facts found by the Court, to which it applied the law, when evidence was to be considered and weighed, was otherwise than as it treated it, however erroneous its conclusions may be believed to have been. Before the exceptions can be sustained, it must appear therefrom, that upon the facts as they were found, the *law* did not authorize the opinion, decision, or judgment complained of.

In the case at bar, the excepting party was charged upon the disclosure and the depositions filed in the case. No exceptions are taken to the mode in which the evidence of the plaintiff was introduced ; the evidence was proper for the consideration of the Court. It does not appear from the exceptions in what manner any question of fact presented was decided. If the question was, whether there was fraud as against creditors, in the supposed sale of the personal property referred to in the disclosure, by the principal defendant to the supposed trustee, and it was found that there was no fraud, the law would seem to require a judgment of discharge ; but if otherwise, the judgment which was given, might be fully authorized. The case does not present any question of law, which was submitted to the Court, nor does it disclose any facts found, upon which a question of law must have arisen ; there is therefore nothing

which can lead us to the conclusion, that the Judge erred in any matter which we have now power to examine.

*Exceptions overruled.*

The case of *E. L. Pottle & al.* v. *James D. Clark and Nelson Calderwood, trustee,* was submitted by the agreement of parties to the Court upon the same disclosure of the trustee, and depositions that were taken for the case of *Richard Fletcher & al.* v. *James D. Clark and Nelson Calderwood, trustee.* In that case also          *Exceptions overruled.*